Toledo, Peoria and Warsaw Railway Co.

*v.*

John Delehanty.

Negligence *in railroad—injury to stock.* Where a mule escaped from an inclosure without the fault of the owner, and got upon a railroad track at a point not fenced, but where it was the duty of the company to have had a fence, and the mule is injured by a train, the company will be liable.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Ingersoll & Puterbaugh, for the appellant.

Messrs. Rowell & Hamilton, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, to recover the value of a mule killed on appellant's road by one of its trains.

The place where the mule got on the track was open prairie, and the company's road was not fenced on the side nearest appellee's residence. The open space was about eight rods wide, and there was neither fence nor cattle guard to prevent stock going upon the track from the highway, or from the open adjoining prairie. The evidence shows appel-

lee resided about two miles east of the village of Chenoa, and about one quarter of a mile distant from appellant's road. He was not the owner or occupant of the adjoining land from which the mule got upon the track, nor did he suffer it to run at large, nor was the place where the injury was done any of the places excepted by the act of 1855. The mule escaped from the inclosure of appellee without any fault on his part, and got upon the track, and was so injured by appellant's train that it was of no value.

Every material fact necessary to enable appellee to recover was abundantly proven by uncontradicted evidence. Indeed, the right of appellee to recover is so clearly established that it is not deemed necessary to consider the errors assigned on the refusal of the court to give the instructions asked by appellant. The evidence would warrant but one verdict, and that is the one found by the jury. Had the jury found otherwise, it would have been the duty of the court to set it aside and order a new trial.

No error appearing in the record that in any manner affects the merits of the case, the judgment must be affirmed.

*Judgment affirmed.*