Chicago, Rock Island and Pacific Railroad Company

*v.*

William R. Carey *et al.*

1. **Measure of damages**—*overflowing land by obstructing outlet.* Where a railway company, in constructing a second track on its right of way across land, obstructs a prior drainage so as to dam up and flow the water back on the plaintiff's land, the depreciation in the value of the land, caused solely by the structure, may be considered as the measure of damages as to the real estate injured thereby. But in considering such depreciation, it is necessary to take into account the question whether the injury can be obviated, in whole or in part, by expending money to remove the obstruction. *If the injury is permanent and can not be removed, the measure of damages is the depreciation of the property injured.*

2. If the obstruction causing the injury is upon the company's right of way, the owner of the land injured has no right to enter thereon to remove the obstruction, and the law will not require him to commit a trespass to remove the same, even if it would cost but a trifle, nor can the company require such owner to enter its right of way for such purpose. In such case, the party injured by the obstruction has the right to claim it as a permanent injury, and the jury to allow damages as such. .

3. But if the obstruction is upon the plaintiff's land, he may remove the same, and the jury may consider the cost necessary to restore the property to its former condition, and that cost would be the depreciation in the value of his land.

4. **Same**—*damage to crops.* Where the usual outlet of water is obstructed so as to overflow the plaintiff's lands, he may recover for the loss of or injury to the crops of hay, etc., or the expense of securing them, in addition to the loss by the depreciation of the land.

5. **Same**—*as to other elements of damage.* Where, in an action to recover for damage to real estate against a defendant obstructing the drainage of

water and causing it to overflow a portion of the plaintiff's farm, the court instructs the jury, that in estimating the damages it is proper for them to consider the value of the land at the time the injury occurred, and the decrease in value, if any, in consequence of the injury, it is error to further instruct them that they may also consider the inconvenience and damage in having one portion of the land separated from another by reason of such overflow, if there is such separation, the damage sustained to the land covered by such overflow, the damage, if any, to the portion not overflowed by the overflow of the portion covered with water, and the necessary expense, if any, which the plaintiff sustained in the construction of necessary roads and bridges in consequence of such overflow, as such damages necessarily enter into and would be considered in fixing the amount of depreciation in the value of the land, and thus authorize a double allowance for such injuries.

6. RIGHT OF WAY—*of its use in obstructing flow of water.* The fact that a railway company owns a right of way over the plaintiff's land, does not authorize it to make such a change thereon, by structures, or otherwise, as to flow water back upon the land of the plaintiff or others and thereby inflict an injury.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Mr. THOMAS F. WITHROW, for the appellant.

Mr. JOHN B. HAWLEY, and Mr. LEONARD H. CAREY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant's right of way passed over the farm of appellees. A single track was laid thereon about 1852, and, the ground being low and wet in its nature, a culvert and water-way were provided for drainage. Subsequently, in 1873, appellant constructed another track at that place on its right of way, and appellees claim that in doing so it obstructed the drainage so as to dam up and flow water back on their farm, and has thereby rendered a considerable portion of it useless for cultivation, whereby they have sustained damage, and to recover compensation therefor they sued appellant, and recovered $1445 damages, and defendant appeals.

It is urged that the verdict is not supported by the evi-

dence, the finding is excessive, and the court erred in giving instructions for appellees and in refusing an instruction asked by appellant.

The evidence is voluminous, and is by no means harmonious. Witnesses are not agreed as to the original course of the drainage, the means of outlet of the water from this basin or depression in the ground, and whether the construction of this second track obstructed the flow of water accumulated by rains, snow and otherwise. These are questions of fact for the finding of the jury, and we never interfere unless the verdict is not supported by or is opposed to the evidence. In the view we take of the case, however, we deem it unnecessary to discuss or consider the question of the finding of the jury, but shall consider a portion of the instructions.

It is insisted that the jury disregarded the ninth of appellant's instructions. If that be true, it was not error, as the instruction was improperly given. It has been announced repeatedly by this court, that the jury are the sole judges of the weight of evidence.

It is claimed that the court below erred in giving appellees' third instruction—that it states erroneous rules for measuring the damages sustained by the flowing of water back on appellees' farm, even if the evidence shows a right of recovery. The instruction is this:

"3. If the jury believe, from the evidence, that the plaintiffs are entitled to recover damages from the defendant, as stated in the first instruction, then, in that case, in arriving at the amount of such damages, it is proper for the jury to consider the value of said land at the time the injury occurred, the decrease in value, if any, in consequence of such injury, the crops of hay or other crops of the plaintiffs, if any, destroyed or damaged in consequence of such overflow, or the increased expense, if any, necessarily occasioned thereby in securing or harvesting the same, the inconvenience and damage, if any, in having one portion of said land separated from

another by reason of such overflow, if there was such separation, the damages sustained to the lands covered by such overflow, the damage, if any, to the portion not overflowed by the overflow of that portion covered with water by reason of such overflow, and the necessary expense, if any, which the plaintiffs sustained in the construction of necessary roads and bridges in consequence of such overflow, and, upon the whole case, to give to the plaintiffs such damages as the jury believe, from the evidence, they have sustained."

The depreciation in the value of the land occasioned solely by the structure may be considered as the measure of damages, but in considering such depreciation it would be necessary to take into account the question whether the injury could be obviated, in whole or in part, by expending money to remove the obstruction. A person examining the farm with a view to purchase, would naturally make an estimate of the cost of restoring the drainage, whether by litigation with the company, if the duty devolved upon it, or by expending money in making ditches and constructing culverts, if the legal duty devolved upon the owner of the farm. So the jury should consider these questions in estimating damages. Where there is a permanent injury that can not be remedied, of course the measure is the depreciation in value of the property injured. In such case, the injury, being continuous and may be perpetual, is incapable of removal and can not be obviated, and there can be no other rule adopted so fair and just as the depreciation in the value of the property; but where the cause of the injury may be removed at a reasonable expense by the party injured, that fact should be considered. If, however, the obstruction is on the right of way of appellant, appellees have no right to enter thereon to remove it, as the law will not require them to commit a trespass to remove the obstruction, even if it would, as contended, cost but a trifle, nor can appellant require them to enter its right of way to remove obstructions.

Again, if appellant has constructed these obstructions and will maintain them, it must pay all damages produced thereby. Appellees have no right to go upon the right of way and dig ditches and construct bridges or culverts, nor can they be required to do so by appellant. If, however, appellant has constructed obstructions on appellees' land, then they may remove the same, and the jury may consider what would be the cost, and if that would restore the property to its former condition, that would be the depreciation in the value of their land; but if appellant has created such obstructions on its own land, appellees and the jury have the right to regard them as permanent, and the one has the right to claim it as a permanent injury, and the other to allow damages as such. If appellees, as is claimed, by dams or obstructions, have produced all or any portion of the injury, they can not recover for injury thus produced.

The next clause of the instruction authorizes the jury to find damages for the loss of or injury to the crops of hay, etc., or the expense of securing them. We perceive no objection to this clause. It is manifest that in addition to loss by depreciation in value of the land at the time the action was brought, appellees had the right to recover for any loss of crops or expense of securing them occasioned by the wrongful acts of appellant prior to the time of bringing the suit. The next clause tells the jury they may allow damages for the inconvenience or injury of having one part of the farm separated from the other by reason of the overflow. This was erroneous, as that necessarily entered into and would be considered in fixing the amount of depreciation in the value of the land, and if the jury acted under the instruction, they may have allowed twice for this injury. The next clause told the jury they might allow the damages sustained by the overflow of the land. This, like the last, was, no doubt, considered in estimating the depreciation in the value of the land, and it allowed a double assessment for such damages, and was wrong. The next clause authorized the jury to find for damages occa-

sioned by overflow to the portion not overflowed. This was embraced in the depreciation of value, and was objectionable for the same reasons that apply to the preceding clauses. The same objection applies to the next clause, which authorizes a recovery for the expense of building roads, bridges, etc., to get to their land. Then the last clause tells them that they may allow such damages as they believe appellees had sustained, as shown by the evidence.

Had this instruction not started out by informing the jury they might find the depreciation in the value of the land, then, it may be, the instruction would not have been seriously objectionable, as that would have contained the measure of damages. The first and second clauses embraced all of the others, and when the latter were added, it authorized the jury to again find damages for injuries embraced in the first two. If this is not the true meaning, it is apparently so, and was, no doubt, so understood by the jury, and from the amount of the verdict they must have so acted.

It is urged that there was error in refusing appellant's eighth instruction. It is this:

" 8. Although the jury may believe, from the evidence, that the defendant changed the natural flow of the water from the south to the north side of the track, yet, if they believe, from the evidence, that such change was wholly on its own ground, and that it deposited the water at a point east of the depot, and that it was accustomed to flow to that point, before the change, then the jury must find their verdict for the defendant."

This instruction is manifestly wrong. It nowhere contains the proposition that by the change of the water from its natural or previous course appellees were not injured by the change. If appellant had the legal right to make the change, it surely could only be on the condition that it was so done as to work no injury to others. The mere fact, as all know, that it owned the right of way, did not authorize such a change as

would flow the water back on appellees. The company could, no doubt, use its property as it chose, so that injury was not thereby inflicted on others. This instruction ignores that element.

For the error in giving appellees' third instruction, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*