# KANKAKEE & SENECA R. R. CO.

## v.

## FRANK HORAN.

1. INJURY TO CROPS.—In an action to recover damages against a railroad company for hindering a party from cultivating portions of his farm, and for injury to and destruction of his growing crops by the flooding of his lands occasioned by a diversion of the water from an ancient water course, for the lands he is prevented from tilling he is entitled to recover the rental value.

2. SAME—DAMAGES.—For the lands where the crop is not up, the damage should be estimated upon the basis of the rental value and the costs of seed and labor in breaking up and planting or sowing. Where the crop is up, or more or less matured, the party may recover in addition to the above, the cost of any labor bestowed after the planting or sowing; or at his option he may recover the value of the crops at the time of its destruction, with the right to the purchaser to mature the crop and harvest or gather it. Where the crop is injured but not destroyed, the assessment should be commensurate with the depreciation in value.

APPEAL from the Circuit Court of Grundy county; the Hon. CHAS. BLANCHARD, Judge, presiding. Opinion filed December 5, 1885.

Mr. G. S. ELDREDGE, for appellants; as to damages, cited C. R. I. & P. R. R. Co. v. Smith, 111 Ill. 363; O'Connor v. Fond du Lac, etc., Ry. Co., 52 Wis. 526; Conwell v. S. & N. W. Ry. Co., 81 Ill. 232; Randle v. Pacific R. R. Co., 65 Mo. 333; Mills on Eminent Domain, § 226; 1 Sutherland on Damages, 191 ; Keithsburg, etc., R. R. Co. v. Henry, 79 Ill. 290; C. & E. I. R. R. Co. v. Loeb, 8 Bradwell, 627.

Mr. S. C. STOUGH, for appellee; as to measure of damages, cited 1 Sutherland on Damages, 17; People's Ice Co. v. Steamer Excelsior, 44 Mich. 236; Folsom v. Apple River Log Driving Co., 41 Wis. 608; Taylor v. Bradley, 39 N. Y. 129; Smith v. Chicago, etc., R. R. Co., 38 Ia. 518; Richardson v. Northrup, 66 Barb. 85; C. & R. I. R. R. Co. v. Ward, 16 Ill. 522; Ogden v. Lucas, 48 Ill. 492; Chapman v. Kirby, 49 Ill. 211.

BAKER, J. This was an action on the case by appellee against appellants to recover damages for hindering him from cultivating portions of his farm, and for injury to and destruction of his growing crops, by the flooding of his lands, alleged to have been occasioned by a diversion of the water from an ancient watercourse.

There was a verdict and judgment for appellee for $1,176.10 and costs.

We understand the rules deducible from the decisions in this State, as to the measure of damages in such cases as this, to be as follows:

1st. That for the lands plaintiff was prevented from tilling, he is entitled to recover the rental value.

2d. That for the lands where the crops were not up, the damage should be estimated upon the basis of the rental value, and the costs of seed and labor in breaking up and planting or sowing.

3d. That in cases of destruction where the crops were up or more or less matured, plaintiff should recover as is last above stated, and in addition thereto the cost of any labor bestowed after the planting or sowing; or, at his option, he may recover the value of the crop at the time of its destruction, with the right to the purchaser to mature the crop and harvest or gather it.

4th. That where the crop was injured but not destroyed, the assessment should be commensurate with the depreciation in value.

C. & R. I. R. R. Co. v. Ward, 16 Ill. 522; Olmstead v. Burke, 25 Id. 86; Green v. Williams, 45 Id. 206; Cilley v. Hawkins, 48 Id. 308; Ogden v. Lucas, 48 Id. 492; Chicago v. Huenerbein, 85 Id. 594; Booker v. V. & C. Ry. Co. 101 Id. 333.

In this case the trial court gave no instruction to the jury stating the rule that should control them in estimating the damages, but simply instructed them that they "should find for the plaintiff in such an amount as in their opinion, under the evidence, would fully compensate plaintiff for the injury." This was virtually telling the jury to base their assessment upon any theory suggested by any of the testimony admitted in evidence.

There was no evidence before the jury as to the rental value of the lands, or respecting the cost of seed, or cost of the labor bestowed on the crops, or as to the values, at the time of injury or destruction of the crops of corn, hay, buckwheat, and millet, with the right to mature and harvest or gather. There was, however, very considerable incompetent testimony bearing on the question of damages admitted over the objection of appellants. It consisted of statements as to the average crops in ordinary seasons, and surmises as to what plaintiff's farm would have yielded per acre with good husbandry, and other matters of a similar nature. In the absence of circumstances that would justify a verdict for smart money, all that a plaintiff would, in any event, be entitled to recover, would be the value of the crop at the time of destruction with the right of use of land as above stated, but an assessment upon the basis of the testimony before the jury would give the plaintiff the full benefit of a matured crop, and that too of a crop which is dependent upon a great variety of contingencies. The recovery would thus be for probable profits that might have been made had the land not been overflowed; and such damages are too remote and speculative. The damages should be ascertained by evidence of facts existing at the time of destruction and the application of the judgments of witnesses to those facts.

Regarding many of the items of injury, there was no competent data in evidence upon which to base an assessment of damages; and much of the testimony before the jury was admitted upon a wrong theory as to the measure of damages. The instructions of the court, when applied to such testimony, must have misled the jury. We are unable to find competent evidence in the record to sustain a verdict for the amount of damages assessed.

Proof of the statements of Cox, a subordinate agent or officer, were not admissible to show the relations existing between the appellant corporations and their joint liability.

Otherwise than as indicated in this opinion, the ruling of the court below on the very numerous questions raised by the

assignments of error, were, in our opinion, substantially correct. Constitution of 1870, Art. 2, Sec. 13; T. W. & W. Ry. Co. v. Morrison, 71 Ill. 615; J., N. W. & S. E. R. R. Co. v. Cox, 91 Ill. 500.

The judgment is reversed and the cause remanded. ·