THE KANKAKEE & SENECA RAILROAD COMPANY AND
THE CINCINNATI, INDIANAPOLIS, ST. LOUIS
& CHICAGO RAILWAY COMPANY

v.

OWEN HORAN.

*Railroads—Obstruction to Natural Flow of Surface Water—Action for Damages—Measure of Damages.*

1. A railroad company is liable for any injury that may result to the owner of lands from an obstruction created by it to the natural flow of surface water.

2. Where a railroad company has by artificial means obstructed the natural flow of surface water and thereby damaged the lands of another, the question whether the injury could be obviated in whole or in part at a reasonable expense by the party injured should be taken into account in estimating the damages sustained by him.

3. Where the injury can be thus obviated, the measure of damages is not the depreciation in the value of the lands injured, but the cost of the ditch, or other necessary remedy, the value of the land used and the cost of maintenance.

4. Where the obstruction is on the premises of the defendant, the plaintiff is not required to commit a trespass by entering thereon to remove it.

5. In the case presented, it is *held:* That evidence tending to show what a ditch entirely on plaintiff's premises and sufficient to remove the water therefrom would cost, was improperly excluded; and that the rulings of the trial court upon certain other questions on the admission of evidence, and in granting and refusing instructions, were substantially correct.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Grundy County; the Hon. DORRENCE DIBELL, Judge, presiding.

Mr. G. S. ELDRIDGE, for appellants.

The Kankakee & Seneca Railroad Company had the lawful right to construct its railroad over the plaintiff's land, and the deed by the plaintiff had all the effect that a judgment of condemnation would have had. C., R. I. & P. Ry. Co. v. Smith, 111 Ill. 363, and cases cited.

The consideration paid for this conveyance must be held to include all such damages to the farm as would result inevitably from the construction and ordinary use of the railroad, including the obstruction to the ordinary drainage of surface waters upon the farm which could not be obviated by the exercise of ordinary skill in the construction of the railroad. Fitch v. Johnson, 104 Ill. 111, 121; Hadden v. Shoutz, 15 Ill. 581; Mills on Eminent Domain, Sec. 115; Railroad Co. v. Henry, 79 Ill. 290, and cases cited; Sutherland on Damages, 291 ; C. & E. I. R. R. Co. v. Loeb, 8 Ill. App. 627; J. N. W. & S. E. R. R. Co. v. Cox, 91 Ill. 500; Conwell v. S. & N. W. R. R. Co., 81 Ill. 232 ; O'Conor v. Railroad Co., 52 Wis. 526; Randle v. Railroad Co., 65 Mo. 333.

The Kankakee & Seneca Railroad Company had the constitutional and lawful right to cross the Parker Slough, and if necessary, to change the course of the slough if it did it in a manner prescribed by the statute. 1 Sutherland on Damages, 191; 3 Sutherland on Damages, 433; Babcock v. Ry. Co., 9 Met. 553; Keitsburg, etc., Ry. Co. v. Henry, 79 Ill. 290 ; Menkeiss v. Ry. Co., 72 Mo. 514; C. & E. Ry. Co. v. Loeb, 8 Ill. App. 627; I. C. Ry. Co. v. Bethel, 11 Ill. App. 17, and cases there cited.

The injuries complained of are in no sense permanent injuries, because, conceding there was a diversion of the water upon the plaintiff's land from the Parker Slough, the plaintiff could have easily remedied it. He sues for an injury to his reversionary interest. He has, as yet, sustained none. He was not in possession at the time of the injury complained of, and can only maintain an action when he shall acquire the possession. He had not, at the commencement of this suit, the actual possession or the right thereto. He has no right to assume that upon the reversion of the estate, the

state of things complained of will exist, unless they are of such an obviously permanent character that they are immovable or irremediable and can not be relieved against.

In this case there was no occasion to remove any obstruction either on or off the plaintiff's premises. All he was required to do was to provide means for the escape of the water, which might have been done at a comparatively trifling expense, and this is the limit of his recovery for such injuries. C., R. I. & P. R. R. Co. v. Cary, 90 Ill. 514; Seely v. Alden, 61 Pa. St. 302; Fisher v. Thirkill, 21 Mich. 1, and cases cited; Pinney v. Berry, 61 Mo. 359; Cumberland v. Hitchings, 65 Me. 140; Brower v. Chandler, 3 Wis. 46.

Messrs. S. C. Stough and R. M. Wing, for appellee.

The difference between the market value of the freehold just preceding the commission of the alleged injury, and the market value of it subject to the injury, is what we understand to be the true measure of damages. Ill. Cen. R. R. Co. v. Grabill, 50 Ill. 241; The Chicago & Iowa R. R. Co. v. Baker, 73 Ill. 316; C., B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; C., M. & St. P. R. R. Co. v. Hall, 90 Ill. 42.

The right to the market value of property is a present right, susceptible of proof other than by the actual sale of the thing itself. To hold that the damage sustained by appellee is not permanent, is, in effect, to deny him all remedy for this injury until he actually makes sale of his lands. Such a manifestly unjust rule can not be law. Ottawa Gas Light Co. v. Graham, 28 Ill. 73; I. C. R. R. Co. v. Grabill, 50 Ill. 241; C., R. I. & P. Ry. Co. v. Cary, 90 Ill. 514; Troy v. Cheshire R. R. Co., 23 N. H. 102.

In the case of Fowle v. New Haven, etc., Co., 112 Mass. 334, it was held that a railroad company on account of turning the stream of water upon plaintiff's lands by the construction of its road-bed, was liable for damages on account of the permanent character of the injury.

Unless the damages were a necessary result from the exercise of the power of the grant of the right of way, it will be presumed that they were not included in the original compen-

sation unless there is some proof to the contrary. Hooker v. N. H. & N. H. Co., 4 Conn. 146.

When the defendant, who is primarily liable to do such work as will prevent damage, or is liable primarily to stay an injury resulting from his conduct, is in possession and has control of the structure causing the damage, or has equal knowledge and opportunity with the complainant, then he alone should be looked to for a performance of this duty. Under these circumstances it will avail the defendant nothing to say that the injured party might have lessened the injury by performing the duty for him. Myers v. Burns, 35 N. Y. 269; Hexter v. Knox, 63 N. Y. 561; Schwinger v. Raymond, 83 N. Y. 192; Keyes v. Western Vt. S. Co., 34 Vt. 81; Haysler v. Owen, 61 Mo. 270; Smith v. Chicago, etc., R. R. Co., 38 Iowa, 518; Prest v. Nichols, 116 Mass. 401; Gardner v. Smith, 7 Mich. 410. See also, Green v. Mann, 11 Ill. 613; C. & R. I. R. R. Co. v. Ward, 16 Ill. 522, 527.

But under no circumstances is the injured party required to perform any such work to lessen his damages as might render him liable as a trespasser. C., R. I. & P. R. R. Co. v. Carey, 90 Ill. 514; Wolf v. St. Louis, etc., Co., 15 Cal. 319; Hubbel v. Meigs, 50 N. Y. 480.

An injured person suffering from unlawful drainage and injurious flowage of water need not ditch against it. City of Aurora v. Reed, 57 Ill. 29.

WELCH, J. This was an action on the case brought by the appellee against the appellants, to recover damages for alleged permanent injuries to his farm of 240 acres, the farm, at the time the injuries are alleged to have been committed, being in the exclusive possession and occupation of the son of appellee, Frank Horan, as tenant. Frank Horan brought suit against the appellants to recover damages for hindering him from cultivating portions of this farm, and for injury to and destruction of his growing crops, by the flooding of his lands, alleged to have been occasioned by a diversion of the water from an ancient water-course, which suit was appealed to this court by the appellants, and was reversed. The opinion in

that case will be found n 17 Ill. App. 650.   In so far as the
questions made in the case at bar are similar to those made in
that case, and passed upon by us, we see no reason to change
or modify our opinion as expressed in that case, but adopt the
same.    The rule was announced in that case: "Private prop-
erty can not be taken or damaged for public use without just
compensation."   Article 2, Section 13, Constitution of 1870.
"That a railroad company has no right by an embankment, or
other artificial means, to obstruct the natural flow of the sur-
face water, and thereby force it, in an increased quantity,
upon the lands of another; and if it does so, it is liable for
any injury that the owner of the land may sustain by reason
thereof."   Toledo and Western Railway Co. v. James C. Mor-
rison, 71 Ill. 616.   "That the party who gives the right of
way over his lands, or whose lands are condemned for right
of way, will not be estopped from claiming damages, when,
in the construction of its track, by its embankments, etc., it
has caused the surface water from other lands to be diverted
from their natural course and thrown upon his land."   J., N.
W. & S. E. R. R. Co. v. John Cox, 91 Ill. 500.

The appellant, the Kankakee and Seneca Railroad Company,
was organized under the general laws of this State, February
22, 1881, for the purpose of constructing a railroad from Kan-
kakee to Seneca, a distance of about forty miles.   The appel-
lant, The Cincinnati, Indianapolis, St. Louis and Chicago Rail-
way, extends from Cincinnati, Ohio, to Kankakee, in this State,
Kankakee being its western terminus.   The farm of the ap-
pellee was on the line of the Kankakee and Seneca Railroad.
The construction of its line of road was begun in the summer
of 1881, and completed in the fall of 1882.   The appellee ex-
ecuted to the Kankakee and Seneca Railroad Company a deed
on January 27th, 1882, to the right of way over his premises,
in pursuance to an agreement therefor made in 1881.   The
injuries alleged to have been sustained by the appellee resulted
from the construction of said railroad.   The declaration con-
tains six counts, each averring that there was a stream, slough,
or water-course, which ran through his premises from time im-
memorial, by means whereof his premises were drained and he

and his tenants were thereby enabled to cultivate large quantities of wheat, etc. That the appellants, well knowing the premises, but contriving and intending to injure and prejudice the appellee in his reversionary estate and interest in and to said premises, wrongfully and injuriously, with a certain line of track of railroad, called the Kankakee and Seneca Railroad, and the trenches, bridges and embankments thereof, by the defendants then and there built and constructed over, through and across the appellee's farm, and said ancient stream, slough, or water-course, obstructed, injured, narrowed, and filled up the water-course and natural channel thereof, and rendered it permanently incapable of carrying off large quantities of water, that was accustomed to fall upon said premises, and permanently incapable of draining, etc., said premises, as it was accustomed to do prior to said obstruction.

There was a verdict and judgment for the appellee for the sum of $4,000, from which this appeal is taken. We shall not examine the various errors assigned in the order in which they are assigned. It is insisted by counsel for appellants, that the court erred in refusing to allow appellants to prove what it would have cost to have constructed a ditch on appellee's premises from the railroad trestle-work entirely upon his own land without encroaching on the right of way of the railroad company, by which, it is claimed, the water might have passed through under the railroad at the trestle-work into the ditch, and thus have escaped into the Parker Slough by the continuation of the ditch to the slough. There was evidence tending strongly to prove that such a ditch would have fully drained appellee's land and carried off all the water that came down onto his land from the railroad ditch.

The basis of the recovery in this case was the difference in value of the land before and after the construction of the railroad, on the ground that that would be the reasonable damage. In C., R. I. & P. Ry. Co. v. Carey, 90 Ill. 514, the court say: "In considering such depreciation it would be necessary to take into account the question whether the injury could be obviated in whole or in part by expending money to remove the obstruction. A person examining the farm with

a view to purchase, would naturally make an estimate of the cost of restoring the drainage whether by litigation with the company, if the legal duty devolved on it   *   *   *   .or by expending money in making ditches and culverts, if the legal duty devolved upon the owner of the farm.   So the jury should consider these questions in estimating damages.   When there is a permanent injury that can not be remedied, of course the measure is the depreciation in the value of the property injured; but when the cause of injury may be removed at a reasonable expense by the party injured, that fact should be considered."   This states with accuracy the law as we understand it upon the subject of damages.   The same rule is announced in Field on Damages, Secs. 120 and 127 *et seq.*, and the cases cited.   Seely v. Alden, 61 Pa. St. 305, 306.   The damages assessed in this case was $4,000.   Suppose appellee should be allowed to collect this and the next day, at a cost of $200, dig a ditch on his own land and fully relieve his land from water, and make it as good as it was prior to any claimed obstruction thereto.   This would evidently be an inequitable result.   The cost to appellee of the ditch, the value of the land used and the burden of maintaining it, would seem to be proper elements to be considered by the jury in estimating appellee's damages.   The distance the ditch would have to be dug did not exceed sixty rods.   We do not think the rules announced in 57 Ill. 29–34, and in 91 Ill. 500, are in conflict with the rule as stated, *supra*.   The ditch in the case in 57 Ill., *supra*, would have had to be dug on the property of another, and there was no claim in 91 Ill., *supra*, for permanent injuries.   In view of what we have said the evidence offered by the appellants on this subject should have been admitted.

The 22d instruction asked by appellants and refused, was properly refused.   It ignored the value of the land used for the ditch, and the costs of maintaining it.   The instruction is as follows:

22.   "The jury are instructed that although they believe from the evidence that in consequence of the construction of the trestle work and railroad across the Parker Slough, and by the digging of ditches along the line of the railroad track,

the water, to some extent, from said Parker Slough, or other sources, flowed along said railroad track and thence on to the land of the plaintiff, yet, if by the digging or construction of an artificial ditch, or by the opening of any artificial channel upon his own land, and without encroaching upon the right of way of the railroad company, or upon the property of any persons other than himself, the plaintiff could have drained said water so coming upon him into a channel of the Parker Slough upon his own land, or any other water channel upon his own land, and thus have prevented damage to him by reason of the said flow of water from said Parker Slough, or other sources, through the railroad ditches on to his land, and ·at an expense of not exceeding $200, then with respect to such damages as resulted to him by such flowage of waters, if any, upon him, he is only entitled in this action to recover what it would have cost to have constructed such artificial ditch or channel upon his own land."

Since this case was submitted to us, we have been furnished by the counsel for appellants with an additional authority upon the question contended for by him, that no recovery of damages for a permanent injury can be had in this case. We have carefully examined the question, and whilst the authority referred to in 101 N. Y,—Ursulin v. N. Y. C. & H. R. R. R., page 98, and cases there cited—seems to sustain that position, the Supreme Court of this State, in the case of C., R. I. & P. R. R. Co. v. Carey, 90 Ill. 514, say : " If appellant has created such obstructions on his own land, appellees and the jury have the right to regard them as permanent and the one has the right to claim it as a permanent injury, and the other to allow damages as such." The rule thus announced by the Supreme Court is binding upon us, whatever may be the rule in other States. In this State, it is not an open question ; it is *stare decisis.* The reason given for the rule is clearly stated in the authority, *supra.* " If, however, the obstruction is on the right of way of appellant, appellees have no right to enter thereon to remove it, as the law will not require them to commit a trespass to remove the obstruction, even if it would, as contended, cost but a trifle. Nor can appellants require them

to enter its right of way to remove obstructions; but when the cause of injury may be removed by appellee by expending money in making a ditch on his own land, the jury should consider this question in estimating damages. The cost of making the ditch, the value of the land used, and the burden of maintaining it, would be proper elements of damages in such case.

It is further insisted by counsel for appellants that the court erred in refusing the 21st instruction asked by appellants. We recognize to its full extent the rule announced in the case of the Illinois Central R. R. Co. v. Bethel, 11 Ill. App. 17, and re-announced in the case of The People, etc., v. The Utica Cement Company, *post*, page 159. When a corporation has exercised ordinary care in the construction or repair of bridges and culverts over water-courses, on its private land, and is not otherwise guilty of negligence it can not be made liable for damages occasioned an adjacent proprietor by extraordinary floods; but could only be held liable for the usual and expected freshets occurring in the usual course of the seasons in this country. The extraordinary floods being denominated *Actus Dei*. There was no evidence in this case upon which to predicate an instruction based on the rule announced, *supra*.

It is further insisted by counsel for appellants that the court erred in refusing to give the 17th instruction as asked, and in modifying same. The instruction as asked selected one fact shown in evidence by the appellee and informed the jury that such fact was not sufficient to charge the Cincinnati, Indianapolis, St. Louis & Chicago Railway Company with liability under this declaration. There was error in this form of the instruction; each fact tending to prove an issue, however slight, when taken alone might not be sufficient, but when taken in connection with all the other facts tending to prove the issue, might be sufficient. If this mode of instruction was permitted each separate fact tending to support the issue might thus be taken from the jury. The instruction as asked should have been refused. The appellants were not injured by the modification.

It is claimed by counsel for appellants that the court erred

in refusing to give the 23d instruction, which told the jury that there was no evidence sufficient to charge the said Cincinnati, Indianapolis, St. Louis & Chicago Railway Company with liability. We do not understand that the case referred to in 110 Ill., of Simmons v. Chicago & Tomah R. R. Co., 340, absolutely requires the Circuit Judge to give such an instruction; and although we are of the opinion that the evidence on that subject, as shown in this record, is of an unsatisfactory and doubtful character, yet as this case will have to be reversed and remanded for the errors already indicated, we are disposed to leave that question to be determined by the trial judge on that trial.

There are a great many objections made to the admission of evidence. We do not consider them of sufficient importance to pass upon them *seriatim*. In the main the rulings of the trial court were correct. Such unimportant errors as frequently occur during the trial, will doubtless be corrected on another trial. For the errors herein indicated this judgment is reversed and cause remanded.

*Reversed and remanded.*