## The Canteen Hunting & Fishing Association v. Benjamin Schwartz et al.

1. MEASURE OF DAMAGES—*in actions for injuries to real property.* In cases of permanent injury to real property the measure of damages is the depreciation in the value of the plaintiff's estate in the premises arising from the injury, together with any damages that may have accrued to then-existing matured crops of other personal chattels; but in cases of temporary nuisance resulting in injury, the right to recover is a continuing one, a cause of action accruing upon each recurring injury for the particular damages sustained thereby, and in such cases nothing can be allowed for depreciation of the market value.

Action in case. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

B. H. CANBY and BURTON & WHEELER, for appellant.

DAVID E. KEEFE, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Madison county, by appellees against appellant, to recover damages for the alleged wrongful obstruction of a stream of water flowing through appellees' premises. Trial by jury. Verdict in favor of appellees for $750. *Remittitur* of $250. Judgment on the verdict for $500.

The amended declaration upon which the case was tried consists of four counts. In substance these counts charge that appellees owned in fee simple and were in possession of fifty-one acres of land; that the natural channel of Cahokia creek passed through this land; that in the year 1892 appellant wrongfully obstructed the flow of the water through its natural channel by erecting a dam across the creek adjacent to appellees'

land; that this dam so obstructed the natural flow of the water as to cause the water to overflow the banks of the creek onto appellees' land, and to stand above the dam and stagnate and stink, and percolate and seep into appellees' land; that the dam prevented the fish from ascending, so as to be in the water of the creek as it passed through appellees' land; and that appellees were damaged in that sediment and *debris* were deposited upon the land, the grass and herbage were washed away and killed, a public picnic ground was rendered unfit for use, the land was rendered wet and marshy and unfit for pasture, and the noxious odors rendered it unhealthy, and appellees were deprived of the pleasure, benefit and profit of taking fish from the waters of the creek where it passed through their premises and of renting boats to others for the purpose of rowing and fishing.

The record in this case consists of 257 pages, and neither the amount involved nor the importance of the questions raised are such as to demand a detailed discussion of the whole record. The only questions so preserved in the record as to call for review and that are of sufficient importance to be worth discussing are those pertaining to admission of evidence as to the character and measure of damages, and those pertaining to instructions as to the measure of damages.

During the progress of the trial the court admitted evidence tending to prove damages resulting from the loss of use and occupation of the premises for the purposes to which it was devoted prior to and at the time appellant erected the dam, from the time of the erection of the dam to the time of bringing the suit, and also admitted evidence tending to prove depreciation of the value of the land resulting from the erection and maintenance of the dam, and gave to the jury instructions as to the measure of damages including both features of the evidence. This is error.

The declaration and evidence both disclose that the

nuisance and resulting injury were of that class which the law denominates temporary, in contradistinction from permanent, and while the declaration avers that appellees were all owners in fee of the injured premises, the evidence discloses that some of them had no interest in the fee, and that one at least had no interest at all to be damaged other than a mere possessory interest.

Appellees rely upon the rule laid down in C., R. I. & P. R. R. Co. v. Carey, 90 Ill. 514. That case as explained and made clear in Schlitz Brewing Co. v. Compton, 142 Ill. 511 (516), holds no more than that where an injury is caused by a lawful public structure, properly constructed and permanent in character, it may be held to be a permanent injury. In the case at bar, if we assume the existence of all the other requisites, the structure complained of was not a "lawful public structure." Appellant did not have the right to eminent domain, the dam was not constructed or maintained for any public purpose, or devoted to any use in the service of the general public.

In cases of a permanent injury of real estate, the measure of damages is the depreciation in the value of the plaintiff's estate in the premises, arising from the injury, together with any damages that may have accrued to then existing, matured crops or other personal chattels, as incident to the injury. And in such case nothing can be allowed for damages to rental value, or damages to the right of use and occupation, or for anything pertaining to the realty, for these are all included in the depreciation in the value of the premises. In such case the whole cause of action accrues when the injury first occurs, and there is but one injury, and can be but one action by the owner of any one estate in the premises.

In cases of temporary nuisance resulting in injury, the right to recover is a continuing one, a cause of action accruing upon each recurring injury, for the particular damages sustained thereby, until the nuisance

is abated, but nothing can be allowed for depreciation of the market value of the premises. This is not affected, for the continuing right to recover particular damages as they may accrue, "runs with the land" and compensates for the injury so long as it may continue, the presumption being that an illegal act will not continue forever.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*