CLARENCE JACKSON, Plaintiff-Appellee, v. THE VILLAGE OF CASEY-VILLE, Defendant-Appellant.

Fifth District   No. 5—87—0674

Opinion filed November 15, 1990.

GOLDENHERSH, J., concurring in part and dissenting in part.

G. Edward Moorman, of Williamson, Webster, Groshong, Moorman & Falb, of Alton, for appellant.

Harry J. Sterling, of Sterling, Stanley & Kelley, P.C., of Fairview Heights, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, Clarence Jackson, brought this action for negligence against defendant, Village of Caseyville, to recover damages for flooding of his farmland. A jury returned a verdict for plaintiff and assessed damages for crop damage and mortgage interest. The circuit court of St. Clair County entered judgment upon this verdict. On appeal, defendant raises issues regarding the damage award only. This court affirms in part and reverses in part.

In 1974, plaintiff conveyed an easement to defendant for the purposes of maintaining a drainage pump station. Nonetheless, during 1982 and 1983, plaintiff experienced several floods on his crop because of rainfall. On February 4, 1985, plaintiff filed this action alleging that defendant had negligently failed to maintain its drainage system, which included the operation of the drainage pumps located at or near land owned or farmed by plaintiff from 1982 through 1985. Plaintiff's property was damaged due to flooding. After a jury trial, a judgment was entered in favor of plaintiff and awarded $37,000 for loss of crops and $17,628 for interest expense. Plaintiff was not awarded damages for the loss in the sale of his farm equipment or for the use of equipment and labor. Defendant appeals.

Defendant's first issue on appeal is whether plaintiff's evidence of crop damages was properly admitted. Defendant argues that the proper measure of damages to growing crops is the value of the crop as it was when it was destroyed, together with the right of the owner to mature and harvest the crop, citing *Zuidema v. Sanitary District of Chicago* (1921), 223 Ill. App. 138, 147, and *Kankakee & Seneca R.R. Co. v. Horan* (1885), 17 Ill. App. 650.

Plaintiff responds that defendant has waived the issue because defendant did not tender any other jury instructions setting forth any of the four rules used in *Kankakee*. Furthermore, plaintiff was not required to introduce evidence of his expenses in raising and harvesting his crops as a prerequisite to recovering damages for the destruction of his crops.

■ This court agrees that defendant has waived the issue because defendant failed to object to the calculation of damages at trial and in its post-trial motion. Although in its post-trial motion defendant made a general objection, it is well established that a general objection does not comply with the statutory requirement. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(b); 107 Ill. 2d R. 366(b)(2)(iii).) However, this court will review this issue in light of the case law and both of the parties' positions.

In *Kankakee*, the court set out the following rules for the measure of damages to crops:

"1st. That for the lands plaintiff was prevented from tilling, he is entitled to recover the rental value.

2d. That for the lands where the crops were not up, the damage should be estimated upon the basis of the rental value, and the costs of seed and labor in breaking up and planting or sowing.

3d. That in cases of destruction where the crops were up or more or less matured, plaintiff should recover as is last above stated, and in addition thereto the cost of any labor bestowed after the planting or sowing; or, at his option, he may recover the value of the crop at the time of its destruction, with the right to the purchaser to mature the crop and harvest or gather it.

4th. That where the crop was injured but not destroyed, the assessment should be commensurate with the depreciation in value." (*Kankakee & Seneca R.R. Co. v. Horan* (1885), 17 Ill. App. 650, 651.)

The *Kankakee* court reversed and remanded the case because the jury was not instructed on what rule should control and was not given evi-

dence on rental value, cost of seed or labor as well as the time of the injury or destruction. The third rule was reiterated in *Zuidema v. Sanitary District of Chicago* (1921), 223 Ill. App. 138.

Later, the court in *Johnson v. Sleaford* (1963), 39 Ill. App. 2d 228, 188 N.E.2d 230, established what a plaintiff is entitled to recover "to secure the full benefit to arise from the annual harvest according to the season." (39 Ill. App. 2d at 237, 188 N.E.2d at 234-35.) In concluding its list of values and deductions, the court stated that the measure of damages "is ascertained by the probable amount of grain the crop would produce, and the probable value of the same in the market at the market season, deducting therefrom the necessary cost of cultivating, harvesting, and taking the same to market." (39 Ill. App. 2d at 237, 188 N.E.2d at 234-35.) The court, however, realized that the above-mentioned calculation is hypothetical and then concluded with the best way to measure damages, stating:

> "[A]n opinion thereon can only be formed by considering the average yield at the place and under like circumstances and the average value of the products in the market at the place and time of market: Chicago and R. I. R. R. Co. v. Ward (1855), 16 Ill. 521." (39 Ill. App. 2d at 237-38, 188 N.E.2d at 235.)

The final calculation does not include the deduction of expenses as defendant argues. While *Kankakee* provided a specific calculation for crop damage at the time the crop was damaged, *Johnson* determined the evidence necessary.

In this case, the crop for each year in question was damaged by several floods occurring throughout each year which eventually affected the final harvested crops. At trial, plaintiff used the eventual crop yields without deducting expenses for labor and costs expended during the season to either plant, save or harvest the crop. This court finds that since plaintiff had already expended money and labor, the only matter left was the eventual amount of money he would have received at the market if the crop had not been injured. Whether plaintiff "saved" money and labor on part of the crop that did not produce is immaterial. Although plaintiff may have had more time to devote to the remainder of his crops, that "savings" is of no solace to plaintiff, who eventually lost the needed income to continue his farm operations of 40 years. This court finds that the evidence of crop summaries was properly admitted.

Defendant also argues that expert testimony should have been offered to prove probable yields. This court finds that plaintiff was qualified as an expert because of his nearly 40 years of farming experience on the lands in question and with the crops grown. *Kaiser*

*Agricultural Chemicals v. Rice* (1985), 138 Ill. App. 3d 706, 486 N.E.2d 417.

Defendant's second issue on appeal is whether the mortgage interest was a proper measure of damages as a result of plaintiff's inability to pay a mortgage loan on his own property.

The jury awarded plaintiff $17,628 for the interest on a loan that the bank eventually foreclosed. Although plaintiff sought $22,955.11, the jury determined that only $17,628 was an expense that would not have been incurred or paid.

On the matter of the interest award, the plaintiff acknowledges that there are no cases directly on point, but relies upon *Gent v. Collinsville Volkswagen, Inc.* (1983), 116 Ill. App. 3d 496, 451 N.E.2d 1385, and *Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 399 N.E.2d 1286. The *Gent* case dealt with a claim based on fraudulent representations of a used car dealer and allowed recovery of interest expense incurred as a direct result of the defendant's representations. *Bank of Lyons v. Schultz* was a malicious prosecution case which approved a claim by a widow against the bank for the loss of her home due to the wrongful acts of the defendant in repeatedly enjoining her from using her husband's life insurance proceeds. While both of these cases could be distinguished on the basis that the underlying theories of recovery were different, *i.e.*, fraud and malicious prosecution as opposed to negligence, such an approach is unnecessary because the plaintiff herein simply did not prove that the interest expense was the proximate result of the defendant's conduct.

■ The $17,628 in damages awarded by the jury represented the interest accrued at 13% from July 31, 1984, to August 8, 1986. This interest was due on a mortgage indebtedness incurred in May 1977, several years prior to the events complained of in this case. Had it been necessary for the plaintiff to obtain loans to continue his farming operation because of an unfavorable case flow situation caused by the defendant's negligence, the interest on these loans might be a recoverable element of damages. The only evidence in this record that remotely supports that contention is a single question and answer:

> "Q. You were required to borrow money to keep your operation going in '82, '83, '84?
>
> A. Yes. The fact of the matter is since the Farmers Home Administration had backed the village and given me grant money I thought that—and I incurred these losses, you know —."

Contrasted with this brief testimony is plaintiff's exhibit 14, the judgment order on the foreclosure suit that clearly indicates that the interest expense was incurred as a result of the 1977 mortgage note.

The fact that the plaintiff was unable to pay the interest because of the defendant's negligence does not mean that he incurred the interest expense because of its negligence.

In view of the record we hold that the plaintiff failed to meet his burden of proof on the $17,628 interest expense and that the trial court erred in denying the defendant's post-trial motion as to that figure, and therefore the judgment allowing mortgage interest should be reversed.

Defendant's last issue on appeal is whether the trial court properly refused defendant's instruction number 2, which provided:

> "Where a municipality provides ample sewers and drains to carry off all water likely to fall or accumulate under ordinary conditions, the fact that the drains prove inadequate to carry off all the water from an extraordinary rainstorm does not subject the municipality to liability for damages caused by the surplus water."

The court refused the instruction because it was argumentative, it unfairly and inaccurately stated the law, and it did not follow the evidence.

■ Defendant argues that the evidence revealed that the pumps could only handle normal rain, not extraordinary rains in the area. It is well established that an instruction may be given only if evidence has been introduced at trial which supports the theory of the instruction. (*Illinois State Trust Co. v. Walker Manufacturing Co.* (1979), 73 Ill. App. 3d 585, 392 N.E.2d 70.) This court finds that defendant's argument is not supported by the evidence.

The evidence revealed: plaintiff received several rains in 1982 and 1983 which caused several floods in both years. Plaintiff had more flooding in either 1982 or 1983 than he received during 1974 through 1982, although the evidence revealed that the rains which fell during 1982 and 1983 were normal rains. The evidence also revealed that the pumps and the ditches were not properly maintained during 1982 and 1983. If the pumps were maintained, the normal rains of 1982 and 1983 would not have caused the flooding. Thus, the evidence does not support defendant's argument that 1982 and 1983 had extraordinary rains.

■ In light of the evidence, defendant's instruction is argumentative. It assumes that the evidence revealed that defendant's pumps were adequate to deal with the water from ordinary rainfalls and that the pumps were inadequate for extraordinary rainfalls. The instruction assumes the correctness of defendant's version of the facts, and as such, was improper. (*Pioneer Hi-Bred Corn Co. v. Northern Illi-*

*nois Gas Co.* (1975), 61 Ill. 2d 6, 14, 329 N.E.2d 228, 231-32.) Thus, this court finds that the trial court properly refused defendant's instruction.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

RARICK, J., concurs.

JUSTICE GOLDENHERSH, concurring in part and dissenting in part:

I respectfully dissent as to the majority's holding concerning the award of interest in the amount of $17,628. As to the rest of the majority's opinion, I concur.

The majority opinion obliquely considers the cases cited by plaintiff, *Bank of Lyons v. Schultz* and *Gent v. Collinsville Volkswagen, Inc.*, but concentrates more pointedly on a supposed failure of proof at trial. In both respects the majority's analysis is erroneous.

The majority, in considering *Gent* and *Schultz*, notes that these cases could be distinguished on the basis that the theories of recovery are different than the underlying theory in the instant case. What they stand for, however, is a basic proposition that when interest expenditure, because of the actions of the party held liable, is, in essence, a useless act and a waste of resources, the party ultimately held liable may also be held responsible for those resources thus wasted. *Gent v. Collinsville Volkswagen, Inc.* is more in point as an example of that, a situation in which a wronged consumer was permitted to recover as part of compensatory damages the interest paid by that consumer on a loan obtained to finance an automobile which, because of the actions of the seller, he was unable to use.

In the instant case, the majority notes that there was "brief testimony" concerning the interest expenditure and that plaintiff's exhibit 14, the judgment order on the foreclosure suit, indicates that the interest obligation was incurred as part of a 1977 mortgage note. The sentence following that belies the weakness of the majority's position: "The fact that the plaintiff was unable to pay the interest because of the defendant's negligence does not mean that he incurred the interest expense because of its negligence." (214 Ill. App. 3d at 1063.) This position confuses the assumption of an obligation, the 1977 mortgage note, with the inability of plaintiff to maintain that obligation due, as the jury found, to the negligence of defendant. Further, the jury had

before it sufficient evidence to conclude that both the failure to meet the 1977 mortgage note obligations and the sums borrowed in certain years were causally related to defendant's negligence. Viewing the record in terms of the evidence and properly separating the assumption of an obligation from the actions of an outside party that render a person unable to discharge his obligations, and further considering that these matters were fairly placed in front of a jury that found in favor of plaintiff in an amount that is not against the manifest weight of the evidence, this court's majority has erred in concluding that the award of interest is not supported by the record in this cause. Plaintiff clearly met his burden of proof on the $17,628 interest expense.

Based on the above, I respectfully dissent from the majority's reversal of the circuit court in denying defendant's post-trial motion as to the interest figure and concur with the majority in all other aspects of this opinion.